IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **In re:**<br><br>**STAS WRONKA,**<br><br>　　　　　　**Debtor.** | **Case No.: 19-12257-TJC**<br>**Chapter 7** |

## MOTION TO DISMISS FOR ABUSE

John P. Fitzgerald, III, the Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, moves this Court for an order dismissing this case for abuse under 11 U.S.C. § 707(b). In support thereof, the United States Trustee states as follows:

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334(a), (b) and 28 U.S.C. § 157.

2. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 24, 2019. Cheryl E. Rose was appointed as the Chapter 7 Trustee.

3. The Chapter 7 Trustee conducted the meeting of creditors required by Section 341 on March 27, 2019.

4. The last day to file a motion to dismiss for abuse is May 28, 2019. This motion is timely filed.

5. On Amended Schedule D, the Debtor disclosed $380,662 in secured debt. Schedule E/F shows that there is $21,001.88 in unsecured priority debt and $246,769.88 in unsecured non-priority debt.

1

2

**I.      This Case is an Abuse Under Section 707(b)(3)**

     5.     This case constitutes an abuse of the provisions of Chapter 7 under section 707(b)(3).   Section 707(b)(3), as amended by BAPCPA, provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the resumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider
> (A) whether the debtor filed the petition in bad faith; or
> (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

     6.     In this case, dismissal is warranted under Section 707(b)(3) because the totality of circumstances demonstrates abuse.

     7.     According to Schedule I and Amended Schedule I, the Debtor currently is employed as a General Contractor/car service provider for Uber & Lyft and earns monthly gross income of $2,500.   Although not revealed until the Debtor filed Amended Schedule I on May 8, 2019, the Debtor's non-filing spouse is a professor at the University of Maryland and has monthly net income of $9,772.85.   Together, the Debtor and his spouse have net monthly income of $12,272.85.

     8.     According to Amended Schedule J, the Debtor's monthly expenses total $10,852.

     9.     Without reducing any expenses, the Debtor has $1,420.85 in excess income.

     10.     It appears that the Debtor can make a significant contribution to his unsecured creditors.

     11.     The Debtor should not be entitled to a discharge unless he contributes all of his excess income to a Chapter 13 plan.   The Debtor's "ability to pay a significant dividend to creditors and the failure to do so standing alone can be an abuse of chapter 7, absent mitigating

factors". *In re Calhoun*, 396 B.R. 270, 276 (Bankr. D.S.C. 2008), *aff'd, Calhoun v. U.S. Trustee*, 650 F.3d 338 (4th Cir. 2011). The United States Trustee is not aware of any such mitigating circumstances. After the enactment of BAPCPA, "[t]he ability to pay—which is at the heart of the Debtor's financial circumstances—should be afforded greater significance". *In re Fox*, 521 B.R. 520, 528 (Bankr. D. Md. 2014). The Debtor has the ability to pay a significant dividend to his creditors.

12. Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed in support.

13. Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to entry of final orders or judgments by the Bankruptcy Judge.

WHEREFORE, the United States Trustee respectfully requests that the Court dismiss this case under 11 U.S.C. § 707(b), and grant such other and further relief to which the United States Trustee may be entitled.

Dated: May 21, 2019

JOHN P. FITZGERALD, III
Acting United States Trustee for Region 4

By Counsel:

*/s/ Lynn A. Kohen*
Lynn A. Kohen, Bar No. 10025
Trial Attorney
6305 Ivy Lane, Suite 600
Greenbelt, MD   20770
(301) 344-6216
Fax: (301) 344-8431
E-mail: lynn.a.kohen@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of May, 2019, a true and correct copy of the Motion to Dismiss Case for Abuse and proposed Order were served by ECF notification, upon:

- David E. Lynn    davidlynn@verizon.net, ecfnotices@verizon.net;lynndr69031@notify.bestcase.com
- Cheryl E. Rose    trusteerose@aol.com, crose@ecf.axosfs.com

And by first-class mail, postage prepaid, to:

Stas Wronka
14411 Danube Lane
Bowie, MD 20721

                                                 */s/ Lynn A. Kohen*
                                                 Lynn A. Kohen